### MRS. MATTIE F. LEWIS v. NORMAN S. FIGURES

----

(October 19, 1925, Opinion and Decree)
(November 16, 1925, Rehearing Refused)

----

(*Syllabus by the Editor*)

1. **Louisiana Digest—Witnesses—Par. 66.**
The fact that the Legislature has changed the law with respect to the admissibility of the evidence of husband and wife as previously established by Art. 2281, R. C. C., has not affected the rule that such evidence is subject to the disqualification of interest which the marital relation imposes.

2. **Louisiana Digest—Evidence—Par. 349.**
Where a case turns upon the evidence of a wife testifying in her husband's behalf, her testimony will not be regarded as overcoming natural inferences from proven facts though not the subject of direct proof.

Appeal from the Civil District Court, Division "A", Hon. H. C. Cage, Judge.

This is a suit for the rent for premises vacated by defendant before the termination of a lease.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

John D. Nix, Jr., of New Orleans, attorney for plaintiff, appellee.

Woodville & Woodville, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit by a landlady against a tenant for rent for premises vacated by defendant before the termination of the lease. The only question presented is one of fact, namely: Was the defendant absolved from the obligation of the lease by mutual consent. He asserts that there was a verbal understanding, following a quarrel with his landlady, to the effect that the lease which had some nine months to run would be considered cancelled and he was at liberty to find another home. His landlady denies any such agreement or conversation and insists that there was no cancellation of the lease.

The defendant produces his wife as a witness and she corroborates his evidence concerning the cancellation of the lease. Defendant procures another tenant in the person of one Palmisano, who, it seems, was permitted to occupy the premises without prejudice to the rights of either party to this litigation. It is argued that since defendant procured the tenant he must have felt responsible for the rent and that this circumstance is strongly corroborative of plaintiff's contention that there was no cancellation of the lease. We think this argument persuasive but the wife's testimony is positive in support of her husband, and both assert there was an agreement to cancel the lease.

There was a time not long distant when the wife's testimony would not have been admissible (R. C. C. 2291), but the Legislature in its wisdom has overturned this ancient principle of the Civil and Roman Law (Act 1916), and the wife may now testify in her husband's favor. But the fact that her testimony is admissible has not changed its probative value. The law

has not changed human nature nor removed any of its imperfections. The institution of matrimony remains the same, with the same disqualifications of interest affecting the spouses as witnesses in behalf of their common interest. The wife in this case supports her husband's testimony. It is quite possible that in another case a wife would contradict her husband, or vice versa. In either case we would view his or her testimony in the light of human experience as subject to such disqualification of interest as the closest of all human, relations impose.

The defendant in this case without his wife's testimony has failed to sustain the burden of proof, and with all due respect the wife's evidence is insufficient in our judgment to turn the scale.

The judge of the trial court was of this opinion and we agree with him.

For the reasons assigned the judgment appealed from is affirmed.

Rehearing refused.